# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | Young B. Kim |
|---|---|---|---|
| **CASE NUMBER** | 11 C 502 | **DATE** | September 26, 2011 |
| **CASE TITLE** | King vs. South Chicago Dodge Chrysler Jeep, Inc. et al | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to quash subpoenas [33] is denied with the conditions contained herein. A status hearing is scheduled for October 27, 2011, at 11:00 a.m. Appearance on September 30, 2011, is not necessary.

■ [ For further details see text below.]   Notices mailed by Judicial staff.

# STATEMENT

On September 1, 2011, Plaintiff moved to quash third-party subpoenas Defendants served on Plaintiff's past employers (car dealerships he worked for after leaving Defendant dealership) and current employer seeking certain information and documents. The court held a hearing on this motion on September 6, 2011. Plaintiff argued that the subpoenas are overly broad in their scope and seek private information not relevant to this action. Defendants responded that the information sought by the subpoenas is relevant to show Plaintiff's reason for leaving their employment and to verify mitigation information. The court agreed with Defendants that the information sought is relevant to establish certain points but that the scope of the subpoenas is too broad to the extent that the subpoenas demand any and all documents related to Plaintiff's employment. The court granted Defendants an opportunity to supplement their oral argument with a written response to the motion. In their written response, Defendants repeated the points they raised at the hearing and added that because they do not know how the third-party dealerships maintain their records, limiting the scope of the subpoenas to what they are looking for may result in them not getting all of the responsive information and documents. This is a valid point. The court also recognizes that limiting the subpoenas to certain information will also place some degree of burden on responding dealerships to carefully review and to assess whether the information contained in their records is responsive to the subpoena and this may result in a satellite litigation over the completeness of their subpoena responses.

To protect the interests of all concerned--including the third-party dealerships--the parties in this case are to adhere to the following protocol: (1) Defendants' attorney to secure responses from the third-party dealerships to the outstanding subpoenas by September 30, 2011; (2) Defendants' attorneys (only the attorneys and their agents) are to review the subpoenaed documents and then segregate those documents to be used in this litigation by October 7, 2011; (3) return or destroy all documents not to be used in this litigation by October 11, 2011; (4) provide a copy of the set segregated for use in this ligation to Plaintiff by October 12, 2011; and (5) Plaintiff to review the documents and raise any relevance and privacy concerns, if any, in writing to Defendants' counsel and

11C502 King vs. South Chicago Dodge Chrysler Jeep, Inc. et al   Page 1 of 2

| **STATEMENT** |
|---|
| the need for a protective order by October 14, 2011. If Plaintiff timely expresses concerns over the documents and the parties cannot resolve their differences, Plaintiff must file a motion for reconsideration of this ruling by October 21, 2011, noticed for October 27, 2011, at 11:00 a.m. If Plaintiff does not timely file a motion for reconsideration, Defendants' counsel may treat the documents as discovery material. |